**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER L. CHRISTOPHERSON, | No. 10-16928 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01005-MHM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. MURGUIA, District Judge, Presiding

Argued and Submitted November 18, 2011
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BREWSTER, Senior
District Judge.[**]

Jennifer Christopherson appeals the district court's judgment in favor of the

Commissioner of the Social Security Administration, and his denial of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Rudi M. Brewster, Senior District Judge for the United
States District Court for Southern California, sitting by designation.

Christopherson's application for disability insurance benefits under Title II of the Social Security Act by adopting the decision of the Administrative Law Judge (ALJ). Christopherson contends that the ALJ erred by adopting the opinion of one-time state agency examiner, Dr. Geary, over the assessments of three treating psychiatrists: Dr. Cowley, Dr. Sidhu, and Nurse Practitioner Pinson.[1] As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

First, the district court erred in affirming the ALJ's rejection of the testimony of three treating physicians, Dr. Cowley, Dr. Sidhu, and Nurse Practitioner Pinson, in favor of examining physician, Dr. Geary's testimony. Generally, a treating physician's opinion carries more weight than an examining physician's. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995); *see* 20 C.F.R. § 404.1527(d). If the treating physician's testimony is controverted, the ALJ must provide "specific, legitimate reasons . . . supported by substantial evidence" to properly reject the testimony. *Orn v. Astrue*, 495 F.3d 625, 632-34 (9th Cir. 2007).

---

[1]All health care professionals can give "medical opinions." *Lester*, 81 F.3d at 830 n.7. For simplicity, we refer to Christopherson's treating medical team as "psychiatrists" or "physicians."

The ALJ identified the following four reasons for rejecting the testimony of Dr. Cowley, Dr. Sidhu, and Nurse Practitioner Pinson in favor of Dr. Geary's testimony: "[1] the nature and/or extent of the consultative examining physician's relationship to the claimant; [2] supportability with medical signs and laboratory findings; [3] consistency with the record; and [4] area of specialization." Because the testimony of the three treating physicians is controverted by the testimony of Dr. Geary, we evaluate the ALJ's justification according to the "specific and legitimate reasons" standard.

The ALJ's first reason for rejecting the treating physicians' testimony given the respective physicians' "relationship[s] to the claimant" is unavailing. In *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001), this court rejected the ALJ's disregard of a treating physician who had just recently assumed treatment of the claimant because the assessment was based, in part, on knowledge of the claimant's medical history. *Id.* Such is the case here, as all three treating psychiatrists based their evaluations on knowledge of the claimant's background and medical history.

The ALJ's second reason that there were no "medical signs and laboratory findings" relative to Christopherson's mental impairments is also unpersuasive because it ignores clear facts established in the record. The initial intake

3

assessments of Dr. Geary and Nurse Practitioner Pinson were based upon extensive background information obtained during the initial evaluation. Moreover, the Pinson/Geary report contained far more than "minimal objective psychiatric signs" of disability, including express clinical findings of auditory hallucinations, poor concentration, and poor insight.

As to the ALJ's third reason, the ALJ failed to specify where in the record the alleged inconsistencies with the treating physicians' testimony could be found. Instead, the ALJ relied on the Commissioner and merely pointed to different isolated points in time in which Christopherson was found to be oriented and in an euthymic mood. Such findings fail to satisfy the standard to prove inconsistencies in the record—conflicting contemporaneous medical tests, diagnoses, and testimony. *Orn*, 495 F.3d at 634. "Consistency does not require similarity in findings over time despite a claimant's evolving mental status." *See id*. Consistency must be evaluated in the context of "the record as a whole." *Id.*

With regard to the ALJ's fourth reason, the district court already found that the ALJ erred in weighing the specialization of Nurse Practitioner Pinson (as a nurse practitioner) against her as a treating physician. However the district court found this error harmless in the face of the other evidence which it believed supported the rejection of the treating physicians' testimony. Accordingly,

4

because the reasons cited by the ALJ were neither specific nor legitimate in light of the record, the ALJ erred in rejecting the testimony of the three treating physicians in favor of the examining physician.

The ALJ also erred in rejecting Christopherson's symptom testimony. "The ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ cited the two following specific reasons for rejecting Christopherson's symptom testimony: (1) his belief that "claimant's medical records show that treating physician(s) responded with limited and conservative treatment;" and (2) his belief that "objective medical evidence fails to fully support the claimant." When viewed in its entirety, as required under *Orn*, the record does not bely Christopherson's testimony and her sporadic improvements while on Haldol do not undercut her credibility or the severity of her alleged disability. *See Orn,* 495 F.3d at 634. Accordingly, because both of the ALJ's reasons are flawed, the ALJ did not provide clear and convincing reasons to reject Christopherson's testimony.

**REVERSED AND REMANDED.**